Steven F. Werth (CA Bar No. 205434)
*swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Plaintiff
Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DENISE ANN HATFIELD,<br><br>Debtor.<br><br>———————————————<br><br>HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS CARSON HATFIELD, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No. 2:17-bk-25817-RK<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 548(a)(1)(A);**<br><br>**(2) AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(1);**<br><br>**(3) AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 548(a)(1)(B);**<br><br>**(4) AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(2);**<br><br>**(5) AVOIDANCE OF TRANSFER UNDER CCC § 3439.05;**<br><br>**(6) RECOVERY OF TRANSFERRED PROPERTY OR VALUE THEREOF;**<br><br>**(7) PRESERVATION OF AVOIDED TRANSFER; AND**<br><br>**(8) DECLARATORY RELIEF** |

SFW\ 2650218.2

Status Conference:

Date:  {To Be Set By Court}
Time:  {To Be Set By Court}
Place:  Courtroom 1675
  United States Bankruptcy Court
  255 East Temple Street
  Los Angeles, California  90012

For his "Complaint for: (1) Avoidance Transfer Under 11 U.S.C. § 548(a)(1)(A), (2) Avoidance of Transfer Under California Civil Code § 3439.04(A)(1); (3) Avoidance Transfer Under 11 U.S.C. § 548(a)(1)(B); (4) Avoidance Of Transfer Under 11 California Civil Code § 3439.04(a)(2); (5) Avoidance Transfer Under California Civil Code § 3439.05; (6) Recovery Of Transferred Properties Or Value Thereof; (7) Preservation Of Avoided Transfer; and (8) Declaratory Relief" ("Complaint"), plaintiff Howard M. Ehrenberg ("Plaintiff"), the duly appointed, qualified, and acting Chapter 7 Trustee for the estate of Denise Ann Hatfield, the above-captioned debtor ("Debtor"), hereby alleges as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). This action is a proceeding arising in and/or related to the bankruptcy case of *In re Denise Ann Hatfield,* Bk. Case No. 2:17-bk-25817-RK ("Bankruptcy Case"), which is a case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, ("Bankruptcy Code"), and which is

SFW\ 2650218.2      2

pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("Bankruptcy Court" or "Court"). Regardless of whether this proceeding is core, non-core, or otherwise, the Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2.  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

3.  Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's bankruptcy estate ("Estate"). Plaintiff brings this action solely in his capacity as the chapter 7 trustee. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Debtor's petition was filed.

4.  Plaintiff was appointed after the filing of the Bankruptcy Case. As a result, Plaintiff may not have personal knowledge of certain facts alleged in this Complaint that occurred prior to his appointment and, to the extent that is the case, Plaintiff alleges all such facts on information and belief. To the extent Plaintiff may not have personal knowledge of any other facts alleged herein, whether relating to acts and events before or after his appointment, all such facts are alleged on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against one or more of the above-captioned defendants, to challenge, avoid, and/or recover transfers other than and in addition to those alleged in this Complaint, to name additional defendants, and to otherwise amend this Complaint.

5.  Plaintiff is informed and believes, and based thereon alleges, that defendant Thomas Carson Hatfield ("Defendant"), is an individual residing in the State of California, in the County of Los Angeles. Plaintiff is further informed and believes, and based thereon alleges, that up through May 10, 2017, Defendant was married to the Debtor.

6.  Plaintiff reserves the right to amend this Complaint to allege additional claims against Defendant, or to name additional defendants.

SFW\ 2650218.2                                    3

7. All of the acts complained of herein by Plaintiff against Defendant were done and performed by said Defendant by and through his authorized agents, servants and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service and/or employment capacity and/or in their individual capacity but purportedly within the course, purpose and scope of said agency, service and/or employment capacity. Moreover, Defendant and his agents ratified all of the acts complained of herein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiff is informed and believes, and based thereon alleges, that in 1992, Defendant took title to real property located at 2332 Calle Sabina, San Dimas, California 91773, legally described as Lot 50 tract no. 37003A APN 8448-049-061 (the "Property"), as a single man as his sole and separate property.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant and the Debtor were married on November 14, 1992.

10. Plaintiff is informed and believes, and based thereon alleges, that in June, 1998, pursuant to an agreement between the Debtor and Defendant, the Debtor executed a Grant Deed ("Deed") granting any interest Debtor had in the Property to Defendant as "A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY."

11. Plaintiff is informed and believes, and based thereon alleges, that the Deed was recorded on June 29, 1998.

12. Plaintiff is informed and believes, and based thereon alleges, that between June 29, 1998 and September 27, 2007, the Debtor and Defendant used community funds to make payments with respect to the Property, including mortgage payments.

13. Plaintiff is informed and believes, and based thereon alleges, that the Debtor and Defendant separated on September 27, 2007.

14. Plaintiff is informed and believes, and based thereon alleges, that Defendant filed a dissolution of marriage action (the "Dissolution Action") in Los Angeles Superior Court on September 16, 2016.

15. Plaintiff is informed and believes, and based thereon alleges, that a judgment ("Judgment") in the Action, dissolving their marriage, was entered on or about May 12, 2017.

16. Plaintiff is informed and believes, and based thereon alleges, that a true and correct copy of the Judgment is attached hereto as **Exhibit 1**.

17. Plaintiff is informed and believes, and based thereon alleges, that as a result of Debtor and Defendant using community property to make payments with respect to the Property during the period between June 29, 1998 and September 27, 2007, that Debtor possessed a community property interest in the Property as of the date of entry of the Judgment.

18. The Judgment states that the Property is the sole and separate property of Defendant.

19. The Judgment effectuated a transmutation (the "Transfer") of the Debtor's and Defendant's community property interest in the Property into the sole and separate property of Defendant.

20. Debtor received no consideration for the Transfer.

21. Plaintiff is informed and believes, and based thereon alleges, that prior to the Transfer, the Debtor's creditors could satisfy their debts against Debtor's community property interest in the Property.

22. Plaintiff is informed and believes, and based thereon alleges, that subsequent to the Transfer, the Debtor's creditors could not satisfy their debts against the Property.

23. The Debtor commenced her bankruptcy case on December 29, 2017.

## **FIRST CLAIM FOR RELIEF**

## **(For Avoidance of Transfer Under 11 U.S.C. § 548(a)(1)(A))**

## **(Against Defendant and DOES 1-10)**

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint as though set forth in full.

25. Plaintiff is informed and believes, and on that basis alleges, that the Transfer occurred within two years of the Petition Date.

26. Plaintiff is informed and believes, and on that basis alleges, that the Transfer was made by the Debtor with the actual intent to hinder, delay or defraud her creditors.

27. Plaintiff is informed and believes, and on that basis alleges, that Debtor received no consideration in exchange for the Transfer.

28. The Transfer is subject to avoidance under 11 U.S.C. §548(a)(1)(A).

29. Plaintiff is entitled to judgment under 11 U.S.C. §§548 and 550(a) that the Transfer is avoided.

## SECOND CLAIM FOR RELIEF

## (For Avoidance of Transfer Under CCC § 3439.04(a)(1))

## (Against Defendant and DOES 1-10)

30. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint as though set forth in full.

31. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor entered into the Judgment and made the Transfer pursuant thereto, with the actual intent to hinder, delay and/or defraud Debtor's creditors in that, among other things,

    a. at all relevant times, Defendant was an insider of the Debtor;

    b. at all relevant times, Debtor has retained possession of the Property;

    c. the Transfer effectuated a transfer of a significant asset of the Debtor's in that, among other things, the assets with which the Debtor was left following the Judgment had little value;

    d. Debtor received no consideration in exchange for the Transfer;

    e. the Debtor was insolvent at the time of the Transfer or became insolvent as a result of or shortly after the Transfer; and

    f. the Transfer occurred after the Debtor incurred substantial debt.

32. The Transfer is subject to avoidance under CCC § 3439.04(a)(1).

33. Plaintiff is entitled to judgment that the Transfer is avoided and/or providing any other remedy available under applicable law.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## THIRD CLAIM FOR RELIEF

## (For Avoidance Of Transfer Under 11 U.S.C. §548(a)(1)(B)

### (Against Defendant and DOES 1-10)

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 of this Complaint as though set forth in full.

35. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than a reasonably equivalent value in exchange for the Transfer.

36. Plaintiff is informed and believes, and based thereon alleges, that Debtor was insolvent on the date that the Transfer was made (as that term is defined in 11 U.S.C. §101(32)), or became insolvent as a result of the Transfer.

37. Plaintiff is informed and believes, and based thereon alleges, that Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

38. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Transfer, Debtor intended to incur, or believed that she would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

39. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Transfer to an insider.

40. The Transfer is subject to avoidance under 11 U.S.C. §548(a)(1)(B).

41. Plaintiff is entitled to judgment under 11 U.S.C. §§548 and 550(a) that the Transfer is avoided.

## FOURTH CLAIM FOR RELIEF

## (For Avoidance Of Transfer Under CCC § 3439.04(a)(2))

### (Against Defendant and DOES 1-10)

42. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41 of this Complaint as though set forth in full.

43. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Transfer, the Debtor: (a) was engaged in or was about to be engaged in a business or a transaction

1  for which the remaining assets of the Debtor were unreasonably small in relation to the business
2  or transaction; and/or (b) intended to incur, or believed or reasonably should have believed that
3  she would incur, debts beyond her ability to pay as they became due.

4      44.    The Transfer is subject to avoidance under CCC § 3439.04(a)(2).

## FIFTH CLAIM FOR RELIEF

### (For Avoidance Of Transfer Under CCC § 3439.05(a))

### (Against Defendant and DOES 1-10)

8      45.    Plaintiff realleges and incorporates herein by reference each and every allegation
9  contained in paragraphs 1 through 45 of this complaint as though set forth in full.

10      46.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made
11  the Transfer without receiving a reasonably equivalent value in exchange for the Transfer and was
12  insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

13      47.    The Transfer is subject to avoidance under CCC § 3439.05(a).

## SIXTH CLAIM FOR RELIEF

### (For Recovery Of Avoided Transfer Under 11 U.S.C. § 550)

### (Against Defendant and DOES 1-10)

17      48.    Plaintiff realleges and incorporates herein by reference each and every allegation
18  contained in paragraphs 1 through 47 of this complaint as though set forth in full.

19      49.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer is a
20  transfer that should be avoided pursuant to 11 U.S.C. § 544 and, based thereon, Plaintiff is
21  entitled to avoid the Transfer.

22      50.    Plaintiff is informed and believes, and based thereon alleges, that the Defendant is
23  the initial transferee of the Transfer within the meaning of 11 U.S.C. § 550(a), or an immediate or
24  mediate transferee of the initial transferee.

25      51.    Plaintiff is entitled to judgment for the recovery of the Debtor's community interest
26  in the Property, or the value hereof, including any increase in the value of the Property since the
27  date of the Transfer, together with interest at the applicable rate from the date of the Transfer, for
28  the benefit of the Estate.

## SEVENTH CLAIM FOR RELIEF

### (For Preservation Of Transfer Avoided Under 11 U.S.C. § 551)

### (Against Defendant and DOES 1-10)

52. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 51 of this complaint as though set forth in full.

53. Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the estate, the Transfer once avoided.

## EIGHTH CLAIM FOR RELIEF

### (For Declaratory Relief)

### (Against Defendant and DOES 1-10)

54. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53 of this complaint as though set forth in full.

55. Plaintiff is informed and believes, and based thereon alleges, that an actual controversy exists between the Plaintiff and Defendant relating to the Estate's rights in the Property.

56. Plaintiff further contends that, despite the Judgment, the Debtor's community property interest in the Property is property of the Estate.

57. Plaintiff is informed and believes, and based thereon alleges, that Defendant disputes each of the Plaintiff's contentions in paragraph 56 above.

58. As a result of the foregoing controversies and disputes, a judicial declaration of one or more of the following is necessary and appropriate: (a) that, notwithstanding the Judgment, the Debtor's interest in the Property is property of the Estate; and (b) that Plaintiff may recover the Estate's interest in the Property for the benefit of the Estate's creditors

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF:

1. That the Transfer be avoided and/or providing any other remedy available under applicable law;

**ON THE SECOND CLAIM FOR RELIEF:**

2. That the Transfer be avoided and/or providing any other remedy available under applicable law;

**ON THE THIRD CLAIM FOR RELIEF:**

3. That the Transfer be avoided and/or providing any other remedy available under applicable law;

**ON THE FOURTH CLAIM FOR RELIEF:**

4. That the Transfer be avoided and/or providing any other remedy available under applicable law;

**ON THE FIFTH CLAIM FOR RELIEF:**

5. That the Transfer be avoided and/or providing any other remedy available under applicable law;

**ON THE SIXTH CLAIM FOR RELIEF:**

6. For recovery of the Debtor's community interest in the Property, or the value hereof, including any increase in the value of the Property since the date of the Transfer, together with interest at the applicable rate from the date of the Transfer, for the benefit of the Estate.

**ON THE SEVENTH CLAIM FOR RELIEF:**

7. Preserving, for the benefit of the Estate, the Estate's community property interest in the Property once the Transfer is avoided;

**ON THE EIGHTH CLAIM FOR RELIEF:**

8. For a judicial declaration of, one or more of the following: (a) that, notwithstanding the Judgment, the Debtor's interest in the Property is property of the Estate; and (b) that Plaintiff may recover the Estate's interest in the Property for the benefit of the Estate's creditors.

///
///
///
///

SFW\ 2650218.2                                10

**ON ALL CLAIMS FOR RELIEF:**

9. For costs of suit incurred herein, including attorney's fees; and

10. For such other and further relief as is just and proper.

DATED: December 12, 2018

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Steven F. Werth
Steven F. Werth
Attorneys for Plaintiff
Howard M. Ehrenberg, Chapter 7 Trustee

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2650218.2

11

# EXHIBIT 1

FL-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>THOMAS CARSON HATFIELD<br>PETITIONER IN PRO PER<br>2332 CALLE SABINA<br>SAN DIMAS, CA  91733<br>TELEPHONE NO.: (909)599-175   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PETITIONER IN PRO PER | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 CIVIC CENTER PLAZA
MAILING ADDRESS:
CITY AND ZIP CODE: POMONA, CA 91766
BRANCH NAME: EAST DITRICT

MARRIAGE OR PARTNERSHIP OF
PETITIONER: THOMAS CARSON HATFIELD
RESPONDENT: DENISE ANN HATFIELD

**CONFORMED COPY ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAY 10 2017**

Sherri R. Carter, Executive Officer/Clerk
By Edna Mendez, Deputy

**JUDGMENT**
[X] DISSOLUTION   [ ] LEGAL SEPARATION   [ ] NULLITY
[ ] Status only
[ ] Reserving jurisdiction over termination of marital or domestic partnership status
[ ] Judgment on reserved issues
Date marital or domestic partnership status ends: **MAY 1 2 2017**

CASE NUMBER: KF 096005

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders. The restraining orders are contained on page(s)       of the attachment. They expire on (date):

2. This proceeding was heard as follows: [X] Default or uncontested [X] By declaration under Family Code section 2336
   [ ] Contested  [ ] Agreement in court
   a. Date: MAY 10 2017  Dept.: P   Room: 616
   b. Judicial officer (name): MIKE CAMACHO   [ ] Temporary judge
   c. [ ] Petitioner present in court    [ ] Attorney present in court (name):
   d. [ ] Respondent present in court    [ ] Attorney present in court (name):
   e. [ ] Claimant present in court (name):   [ ] Attorney present in court (name):
   f. [ ] Other (specify name):

3. The court acquired jurisdiction of the respondent on (date): 11-11-16
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) [X] on (specify date): MAY 1 2 2017
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's   former name is restored to (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order (form FL-192) is attached.

Page 1 of 2
Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. July 1, 2012]

**JUDGMENT (Family Law)**




Family Code, §§ 2024, 2340, 2343, 2346

FL-180

| CASE NAME (Last name, first name of each party): HATFIELD VS. VALDES | CASE NUMBER: KF 096005 |
|---|---|

4. i. ☐ The children of this marriage or domestic partnership are:
   (1) ☐ Name                                          Birthdate

   (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership

   j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).
   (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).
   (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
   (4) ☐ Previously established in another case. Case number:            Court:

   k. ☐ Child support is ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).
   (2) ☐ *Child Support Information and Order Attachment* (form FL-342).
   (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
   (4) ☐ Previously established in another case. Case number:            Court:

   l. ☒ Spousal, domestic partner, or family support is ordered:
   (1) ☐ Reserved for future determination as relates to ☐ petitioner ☐ respondent
   (2) ☒ Jurisdiction terminated to order spousal or partner support to ☒ petitioner ☒ respondent
   (3) ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
   (4) ☐ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.
   (5) ☐ Other *(specify):*

   m. ☐ Property division is ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.
   (2) ☐ *Property Order Attachment to Judgment* (form FL-345).
   (3) ☐ Other *(specify):*

   n. ☐ Attorney fees and costs are ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.
   (2) ☐ *Attorney Fees and Costs Order* (form FL-346).
   (3) ☐ Other *(specify):*

   o. ☒ Other *(specify):* PURSUANT TO THE FINDINGS OF THE COURT UPON ENTRY OF THE DECLARATION UNDER FC 2336, THE COURT ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: _____

JUDICIAL OFFICER

5. Number of pages attached: _____        ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**
Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.
A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.
An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.
Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. July 1, 2012]                    **JUDGMENT**                    13  Page 2 of 2
                                              (Family Law)

SUPERIOR COURT STATE OF CALIFORNIA – COUNTY OF LOS ANGELES
HATFIELD VS. HATFIELD                             CASE NO. KD 096005

1  **4(n)**  **SPOUSAL SUPPORT**

2      A)     The petitioner and respondent acknowledge the issue of the Family Codes which support

3              the reservation over the issue of spousal support for long term marriages however they

4              shall waive such right. Therefore, the court shall terminate the jurisdiction over the issue

5              of spousal support and neither party shall request spousal support in the future under any

6              circumstance.

7  **4(o)**  **PROPERTY DIVISION AND DEBTS**

8      A) The following community property and debts are awarded to petitioner as his sole and

9          separate property and he is ordered to pay any encumbrance thereon and to appear on behalf

10        of, defend and hold respondent harmless thereto:

11         1.) One half community interest of furniture, furnishings, electronics and appliances acquired

12             during marriage and now in possession of Petitioner;

13         2.) 2006 Porche Cayman S, license no. 7JUG197;

14         3.) Net proceeds from the sale of the 2001 Nissan Maxima;

15         4.) All community interest of Ameriprise Annuity held in Petitioner's name;

16         5.) All debt acquired during the marriage in Petitioner's name.

17     B) The following community property and debts are awarded to respondent as her sole and

18         separate property and she is ordered to pay any encumbrance thereon and to appear on behalf

19        of, defend and hold petitioner harmless thereto:

20         1.) One half community interest of furniture, furnishings, electronics and appliances acquired

21             during marriage and now in possession of Respondent's;

22         2.) 2001 GMC Jimmy, license no. 4PXM602 (SOLD AND NO LONGER ISSUE);

23         3.) All community interest of Ameriprise Annuity held in Respondent's name;

24         4.) Wedding Ring and earrings;

25         5.) All debt acquired during the marriage in Respondent's name.

SUPERIOR COURT STATE OF CALIFORNIA – COUNTY OF LOS ANGELES
HATFIELD VS. HATFIELD         CASE NO. KD 096005

## SEPARATE PROPERTY DIVISION AND DEBT

C) The following separate property and obligations are confirmed to petitioner and petitioner is ordered to appear on behalf of, defend and hold respondent harmless therefrom:

1.) All property acquired and debts incurred prior to marriage, to wit, November, 14, 1992, and after date of separation, to wit, September 27, 2007: specifically:

   a) 2332 Calle Sabina, San Dimas, CA 91733, legally described as Lot 50 tract no. 37003A APN 8448-049-061;

   b) 881 Conners Ct., Claremont, CA 91711, legally described as PARCEL 4 MAP NO. 12958 APN 8307-022-084;

   c) All household furniture, furnishings, electronics and appliances purchased after separation in petitioner's possession;

   d) Separate interest of Ameriprise annuity held in Petitioner's name

   e) Checking account with Bank of America held in Petitioner's name;

   f) 2010 Chevrolet Malibu, license no. 6MIS278;

   g) Credit cards held in name of Petitioner with zero balances;

D) The following separate property and obligations are confirmed to respondent and respondent is ordered to appear on behalf of, defend and hold petitioner harmless therefrom:

1.) All property acquired and debts incurred prior to marriage, to wit, November, 14, 1992, and after date of separation, to wit, September 27, 2007 specifically the following:

   a) All household furniture, furnishings, electronics and appliances purchased after separation and in Respondent's possession;

   b) Respondent's separate trust estate with Chase JP Morgan;

   b) Separate interest of Ameriprise annuity held in Respondent's name;

   c) Checking accounts held in Respondent's name;

   d) Credit cards held in name of Respondent, namely Amazon ad Care Credit.

//

SUPERIOR COURT STATE OF CALIFORNIA – COUNTY OF LOS ANGELES
HATFIELD VS. HATFIELD                    CASE NO.  KD 096005

1  4(o) **OTHER ORDERS**

   A) The community joint checking account with Bank of America was divided by the parties then closed and thus is no longer subject to distribution by the court in this proceeding.

   B) Each of the parties shall, upon demand, execute and deliver all documents necessary to carry out the terms of this stipulation/agreement and upon failure to do so, the court, upon appropriate application, may appoint the Clerk of the Superior Court as its commissioner to execute documents specified by court order.

   C) The court retains jurisdiction to make orders and determinations that are necessary to enforce any of the terms of this judgment or resolve any matter, dispute, omitted or undisclosed asset or debt.

   **IT IS HEREBY AGREED:**

   DATED: 11/1/16                    _____
                                      THOMAS CARSON HATFIELD, Petitioner

   DATED: 11/11/16                   _____
                                      DENISE ANN HATFIELD, Respondent

   **IT IS HEREBY ORDERED:**

                                      _____
                                      MIKE CAMACHO
   DATED: MAY 10 2017                 JUDGE OF SUPERIOR COURT

SUPERIOR COURT STATE OF CALIFORNIA – COUNTY OF LOS ANGELES
HATFIELD VS. HATFIELD                CASE NO. KD 096005

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document

State of California        )
                           )    SS.
County of Los Angeles      )

On _November 1 2016_, before me, _Anna Elias Hernandez_, A NOTARY PUBLIC, personally appeared _THOMAS CARSON HATFIELD_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)/are subscribed to the within instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR authorized capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

I CERTIFY UNDER **PENALTY OF PERJURY** UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING PARAGRAPH IS TRUE AND CORRECT.

_[signature]_

[Seal]

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document

State of California        )
                           )    SS.
County of Los Angeles      )

On _November 1 2016_, before me, _Anna Elias Hernandez_, A NOTARY PUBLIC, personally appeared _DENISE ANN HATFIELD_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)/are subscribed to the within instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR authorized capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

I CERTIFY UNDER **PENALTY OF PERJURY** UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING PARAGRAPH IS TRUE AND CORRECT.

_[signature]_

[Seal]

ANNA ELIAS HERNANDEZ
Comm. #2110478
Notary Public - California
Los Angeles County
Comm. Expires May 8, 2019

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** HOWARD M. EHRENBERG, Chapter 7 Trustee | **DEFENDANTS** THOMAS CARSON HATFIELD, an individual; and DOES 1 through 10 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Steven F. Werth (CA State Bar No. 205434)  swerth@sulmeyerlaw.com  **Sulmeyer**Kupetz  A Professional Corporation  333 South Grand Avenue, Suite 3400  Los Angeles, California  90071  Telephone: 213.626.2311  Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT FOR: (1)   AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 548(a)(1)(A); (2)   AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(1); (3)   AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 548(a)(1)(B); (4) AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(2); (5) AVOIDANCE OF TRANSFER UNDER CCC § 3439.05; (6)   RECOVERY OF TRANSFERRED PROPERTY OR VALUE THEREOF; (7)   PRESERVATION OF AVOIDED TRANSFER; AND (8)  DECLARATORY RELIEF**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001( 1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61 -Dischargeability- §523(a)(5 ), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☒ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☒ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001 (2) – Validity, Priority or Extent of Lien** | ☐ 6 5 -Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001( 3) – Approval of Sale of Property** | **FRBP 7001(7) – Injunctive Relief** |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 71 -Injunctive relief- imposition of stay |
| | ☐ 72-Injunctive relief - other |
| **FRBP 7001(4 ) – Objection/ Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection/re vocation of discharge - §727(c),(d),(e) | ☐ 81 -Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91 -Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Deter mi nation of Removed Act ion** |
| ☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01 -Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| | ☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.* |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| **(continued next column)** | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand:  Recovery of Estate's interest in real property |
| Other Relief Sought For costs of suit, including attorney's fees. | |

ALS\ 2657629.1

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DENISE ANN HATFIELD | BANKRUPTCY CASE NO.<br>2:17-bk-25817-RK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Robert N. Kwan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| *[signature]* | | |
| DATE<br>December 12, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven F. Werth<br>*swerth@sulmeyerlaw.com*<br>**Sulmeyer**Kupetz, A Professional Corporation | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ALS\ 2657629.1